Rajwinder SINGH–MUNDI, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–71744.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

Hardeep Singh Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony T. Sheehan, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: T.G. NELSON, W. FLETCHER and RAWLINSON, Circuit Judges.

MEMORANDUM **

Rajwinder Singh–Mundi, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's denial of Singh–Mundi's asylum claim on the basis of an adverse credibility finding. First, Singh–Mundi's inability to give details about the work that he allegedly did for the Akali Dal Mann party makes his claim that he was persecuted for his political involvement implausible. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). Second, Singh–Mundi's failure to testify that he was harmed with electric shocks during his second arrest until after a break following direct examination, despite its inclusion in his asylum application and despite being asked repeatedly by his own counsel whether anything else had occurred, also undermines his credibility. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004) (holding that omissions and inconsistencies that go to the heart of the claim support an adverse credibility finding).

The IJ properly considered the State Department's reports in determining that country conditions did not support Singh–Mundi's version of events. *See Zheng v. Ashcroft,* 397 F.3d 1139, 1143–44 (9th Cir.2005) (holding that IJ may rely on State Department reports in evaluating a petitioner's credibility where petitioner's testimony is inconsistent with facts in the report). The IJ also appropriately considered Singh–Mundi's lack of candor regarding his arrest for assault in New Jersey at the hearing, and with the immigration officers concerning his claim of persecution, as a basis for the determination. *See Sarvia–Quintanilla v. INS,* 767 F.2d 1387, 1393 (9th Cir.1985) (holding that history of dishonesty can support adverse credibility finding). Finally, in the absence of credible testimony, Singh–Mundi's lack of documentary evidence to support his medical injuries also undermines his claim. *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000).

Because Singh–Mundi failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Singh–Mundi's claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making its CAT determination, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.